# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GEORGE RANDALL BIDDY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:13-CV-1364-RWS |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on George Randall Biddy's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons stated below, the Court will order petitioner to show cause as to why this action should not be dismissed for failure to exhaust available state remedies.

Petitioner, an inmate at the Farmington Correctional Center, was convicted in 1987 of forcible rape, burglary, and making a false declaration.  Petitioner asserts that, on March 24, 2010, at his third parole hearing, he was granted a consecutive parole release date of May 5, 2013.  On September 7, 2012, however, the release date was cancelled, because petitioner had not completed the Missouri Sexual Offender Program ("MOSOP").  Petitioner argues that (1) he was not afforded notice or a

hearing before the revocation of his release date; (2) respondents refused to allow him to participate in MOSOP; and (3) he should not be required to complete MOSOP, because his offense occurred in 1986, prior to the statute's enactment. Petitioner states that he has exhausted the prison grievance process, and that "there is no other avenue known to [him] with which to obtain the relief he is requesting."

In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.

It does not appear that petitioner has sought review of the Missouri Board of Probation and Parole's actions in any state court proceeding. Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. *Wayne v. Missouri Bd. of Prob. and Parole*, 83 F.3d 994, 996-97 (8th Cir. 1996). As such, it appears that petitioner has available procedures that he must exhaust prior to invoking this Court's habeas corpus jurisdiction.

Therefore,

**IT IS HEREBY ORDERED** that, at this time, no order to show cause shall issue to respondents, because it appears that petitioner did not exhaust his available state remedies.

**IT IS FURTHER ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant petition for failure to exhaust available state remedies. Petitioner's failure to file a show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action, without prejudice and without further notice to him.

Dated this 30th day of August, 2013.

_____
**UNITED STATES DISTRICT JUDGE**